# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1034 | **DATE** | February 28, 2008 |
| **CASE TITLE** | James Robinson (#2007-0024460) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes Cook County Jail officials to deduct $15.05 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order (or, in the alternative, to advise the court that the plaintiff cannot identify the proper defendants at this time) will result in summary dismissal of this case in its entirety.

■ **[For further details see text below.]**              **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he was denied needed medical care after he suffered a severe reaction to a spider bite.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.05. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, the plaintiff must submit an amended complaint, as the pleading on file does not name a proper defendant. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

With regard to Sheriff Dart, a supervisory official may be held liable under § 1983 only if that individual caused or participated in the constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." Because there is no suggestion of (a) an unconstitutional custom or policy or (b) personal involvement on the part of the county sheriff, Cook County and Sheriff Dart are not proper defendants. The third-named defendant, "Health Services of Cook County" is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

The plaintiff is granted thirty days to in which to submit an amended complaint naming the specific correctional officers who allegedly denied him access to the medical department and/or the specific health care providers who denied him needed treatment. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

If the plaintiff is unable at this time to identify the individuals who denied him needed medical care (or access to medical care), he should so advise the court. In that event, the court will permit the plaintiff, at this time, to name the Cook County Sheriff in order to conduct discovery to identify the real parties in interest. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

In sum, the clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails either to submit an amended complaint naming the proper defendants or to advise the court that he can only name the defendants' supervisor at this time, the case will be summarily dismissed on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.